United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) Criminal Case No. 21-60346-CR-Scola ) |
| Marcos Rene Soto, Defendant. | ) ) |

**Order Denying Motion for Compassionate Release**

Renewing his earlier motion, the Defendant Marcos Rene Soto seeks compassionate release under 18 U.S.C. § 3582(c)(1) from his 120-month sentence for conspiracy with intent to distribute 50 grams or more of methamphetamine. (Def.'s Mot, ECF No. 177.) After careful consideration, the Court **denies** Mr. Soto's motion. (**ECF No. 177**.)

1. **Background**

On April 7, 2022, the Defendant Marcos Rene Soto was charged by superseding indictment with five counts related to a methamphetamine trafficking conspiracy. (ECF No. 48.) Mr. Soto pleaded guilty on September 20, 2022 to Count 1 (conspiracy with intent to distribute 50 grams or more of methamphetamine) (ECF Nos. 125, 126) and received the statutory mandatory minimum sentence of 120 months in prison and 5 years of supervised release on December 15, 2022. (ECF No. 148; *see* Gov't Resp. to Def.'s June 2023 Mot., ECF No. 173 at 2.) Mr. Soto moved for compassionate release on June 28, 2023 (ECF No. 170), which the Government opposed. (ECF No. 173.) The Court denied Mr. Soto's motion on July 10, 2023. (ECF No. 174.) Mr. Soto filed the instant renewed motion for compassionate release on August 3, 2023, requesting time to respond to the Government's opposition to his release. (ECF No. 177.) The Government has opposed the motion (ECF Nos. 179, 180), and Mr. Soto has replied in further support of his motion. (ECF No. 181.)

2. **Legal Standard**

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Soto's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a). The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

### 3. Analysis

As a preliminary matter, the Government concedes that Mr. Soto has exhausted his administrative remedies as required by § 3582(c)(1)(A). (Gov't Resp. at 2, ECF No. 179.) Further, as noted in the Court's July 10, 2023 Order, the Court recognizes the seriousness of Mr. Soto's medical condition and agrees with Mr. Soto that his health problems constitute extraordinary and compelling circumstances that would warrant his release if he could satisfy the remainder of the requirements under § 3582(c)(1)(A). (ECF No. 174.) However, Mr. Soto is unable to carry his burden when applying the factors set forth at 18 U.S.C. § 3553(a), and the Court therefore denies his request for compassionate release.

Mr. Soto argues in his motion that the § 3553(a) factors weigh in his favor because of his lack of prior criminal record, "minor role in his drug conspiracy," age (over 40), and poor physical condition. (Pl.'s Mot at 4.) The Court disagrees that these facts outweigh the applicable § 3553(a) considerations, including the seriousness of Mr. Soto's crime and need for deterrence. Further, Mr. Soto's medical problems do not weigh in favor of his release under § 3553(a) because he is receiving care that may be unavailable upon his release.

Reducing Mr. Soto's sentence would not promote respect for the law or provide proper punishment and deterrence for Mr. Soto or others. Mr. Soto's crime was serious—he pleaded guilty to conspiring with others to distribute large quantities of methamphetamine. (*See* ECF Nos. 125, 126.) Mr. Soto received a sentence of 120 months, which was a substantial downward variance from the applicable Sentencing Guidelines range of 292-365 months. (Gov't Resp. to Def.'s June 2023 Mot, ECF No. 173 at 2.) Balancing the

seriousness and circumstances of his crime against his need to be released from prison, the Court finds that compassionate release is unwarranted. Allowing Mr. Soto to be released after completing less than 30% of his sentence "would disturb this careful balance by failing to promote respect for the law, provide just punishment for the offense, or afford adequate deterrence." *United States v. Minnis*, No. 19-CR-20182, 2021 WL 1550429, at *4 (S.D. Fla. Apr. 19, 2021) (Ruiz, J.) (denying motion for compassionate release after balancing the extraordinary circumstances against the defendant's offenses and the amount of time served in his sentence).

Nor is the Court convinced that release from prison would improve Mr. Soto's medical condition or provide him medical care that he does not currently receive. *See* 18 U.S.C. § 3553(a)(2)(D). While Mr. Soto has been designated a "Fall Risk" because his heart is "functioning at 15%," he is serving his sentence at a facility with access to Duke University Hospital. (Def.'s Reply, ECF No. 181 at 1.) Mr. Soto notes troubling health episodes during June through August in his Reply, but the fact that Mr. Soto was able to receive treatment at the emergency room demonstrates that the appropriate care is available to him where he is currently incarcerated. (*See id.*) Additionally, Mr. Soto is subject to an Immigration and Customs Enforcement detainer because he remains in removal proceedings and may be deported to Mexico upon his release. (*See* Dep't of Homeland Sec. Immigration Detainer, Def.'s Reply at 3.) Mr. Soto's explanation that "he would stay [in ICE detention] less than 30 days and then end up in his home country again with access to family as well as resources and healthcare" does not satisfy the Court that Mr. Soto meets his burden. (Def.'s Reply at 2.) The section 18 U.S.C. § 3553(a) factors outweigh Mr. Soto's extraordinary and compelling health circumstances and the Court therefore denies the request for compassionate release.

### 4. Conclusion

For these reasons, Mr. Soto's motion for compassionate release is **denied**. (**ECF No. 177**.)

**Done and ordered** in Chambers at Miami, Florida, on September 18, 2022.

_____
Robert N. Scola, Jr.
United States District Judge