United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Marcos Rene Soto, Defendant. | )<br>)<br>)<br>)  Criminal Case No. 21-60346-CR-Scola<br>)<br>)<br>) |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Marcos Rene Soto's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 183.) The Government has responded opposing Soto's motion. (Resp., ECF No. 185.) Soto has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Soto's motion for reduction of sentence. (**Mot., ECF No. 183**.)

1. **Background**

On April 7, 2022, a federal grand jury charged Soto with conspiracy with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (Count One), distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(2) (Counts Two and Three), possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841 (Count Four), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five). (Superseding Indictment, ECF No. 48.) On September 20, 2022, pursuant to a plea agreement (ECF No. 125) and factual proffer (ECF No. 126), Soto pleaded guilty to Count One.

Ahead of Soto's sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). After considering Soto's objections to the PSI, including enhancements for possessing a dangerous weapon in relation to the offense and for his role in the offense, the Court ultimately sentenced Soto to the statutory minimum mandatory term of 120 months' imprisonment. (J. in a Criminal Case, ECF No. 148.) The sentence was a substantial downward variance from the calculated guidelines range of 292-365 months' imprisonment. (Sentencing Tr., ECF No. 160 at 66.) As of today, Soto has an anticipated release date of February 25, 2030. *See Find an inmate,* FEDERAL BUREAU OF PRISONS,

https://www.bop.gov/inmateloc/.

Since Soto's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Soto now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 120 months in prison and five years of supervised release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

First, Soto received the minimum mandatory sentence of 120 months although the Sentencing Guidelines range in his case was 292-365 months. Thus, the Court cannot impose a lower sentence, nor would a two-level modification of Soto's offense level and resulting Sentencing Guidelines range be relevant when he already received such a substantial downward variance.

Furthermore, as noted, the retroactive amendment that Soto invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> "(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious

> Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" *See id.*

Soto plainly fails to meet Amendment 821's eligibility requirements seven and ten—*i.e.*, that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense[.]" and that he "did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See id.* Among other things, Soto's factual proffer establishes that:

> "[L]aw enforcement found in one bedroom approximately 866.9 grams of a solid, crystal-like substance, which was 98% pure methamphetamine, a Schedule II controlled substance, and the following firearms and ammunition: one (1) Black Ruger pistol, bearing serial number 377-91517 [. . .]; one (1) Silver Smith & Wesson Revolver .38 caliber, bearing serial number R88828 [. . .]; two (2) .38 caliber rounds of ammunition; and three (3) small caliber rounds of ammunition." (Factual Proffer, ECF No. 126.)

Soto therefore does not meet requirement number seven, as Soto possessed firearms in connection with the offense of conspiracy to distribute methamphetamine. In addition, Soto received a two-point sentencing enhancement as an organizer, leader, manager, or supervisor in the criminal activity, making him also ineligible for the two-level decrease under requirement number ten. Thus, because Soto plainly does not satisfy all the requisite criteria for a two-level reduction in his offense level, his motion must be denied.

Because Soto does not qualify for a reduction pursuant to Amendment 821, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Soto's motion for reduction of sentence is **denied**. (**Mot., ECF No. 183**.)

**Done and ordered** at Miami, Florida on January 31, 2024.

                                                                                       _____
                                                                                       Robert N. Scola, Jr.
                                                                                       United States District Judge