United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) |
| Marcos Rene Soto, Defendant. | ) ) ) |

Criminal Case No. 21-60346-CR-Scola

### Amended Order Denying Renewed Motion for Reconsideration of Motion for Compassionate Release

Defendant Marcos Rene Soto seeks reconsideration of an order (ECF No. 192) denying his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1) from his 120-month sentence for conspiracy with intent to distribute 50 grams or more of methamphetamine. (Def.'s Mot., ECF No. 195.) The Defendant claims that medical records which were supposed to be attached to his motion were inadvertently not included with the motion and therefore the Court should reconsider its order denying his request. The Court has reviewed the additional 30-plus pages of medical records now received from the Defendant. (*See* ECF Nos. 195, 197.) After careful consideration, the Court **denies** Mr. Soto's motion. (**ECF No. 195**.)

### 1. Background

On April 7, 2022, the Defendant Marcos Rene Soto was charged by superseding indictment with five counts related to a methamphetamine trafficking conspiracy. (ECF No. 48.) Mr. Soto pleaded guilty on September 20, 2022 to Count 1 (conspiracy with intent to distribute 50 grams or more of methamphetamine) (ECF Nos. 125, 126) and received the statutory mandatory minimum sentence of 120 months in prison and 5 years of supervised release on December 15, 2022. (ECF No. 148; *see* Gov't Resp. to Def.'s June 2023 Mot., ECF No. 173 at 2.) Mr. Soto moved for compassionate release on June 28, 2023 (ECF No. 170), which the Government opposed. (ECF No. 173.) The Court denied Mr. Soto's motion on July 10, 2023. (ECF No. 174.) Mr. Soto filed a renewed motion for compassionate release on August 3, 2023, which the Court denied, recognizing the seriousness of Mr. Soto's health condition but concluding that the 18 U.S.C. § 3553 factors weighed against his release and noting that the healthcare Mr. Soto receives in prison may be unavailable to him upon release. (ECF No. 182.) On November 9, 2023, Mr. Soto filed a

motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 183), which the Court also denied because Mr. Soto is ineligible for relief under Amendment 821's "zero-point offender" provision. (ECF No. 186.) Mr. Soto filed the renewed emergency motion for a reduction of sentence on April 25, 2024. (ECF No. 189.) Mr. Soto claimed that he should be released because of his grave health conditions, lack of access to adequate medical care in prison, and rehabilitative efforts during his time incarcerated. In the motion for reconsideration, he claims the now-provided medical records prove that his health condition establishes compelling and extraordinary circumstances which warrant his release.

## 2. Legal Standard

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13.

The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Soto's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a). The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

## 3. Analysis

In the order denying his renewed motion, the Court found that Mr. Soto had failed to provide evidence that he first submitted his request to the Bureau of Prisons and, thus, failed to exhaust his administrative remedies for this renewed motion as required by § 3582(c)(1)(A). However, with the motion for reconsideration, he provided a copy of a denial of his request from the BOP, so the Court now finds he has exhausted his administrative remedies.

Even though he has exhausted his administrative remedies, Mr. Soto is still not entitled to relief. As noted in the Court's past orders in Mr. Soto's case, the Court recognizes the seriousness of Mr. Soto's cardiovascular problems and agrees with Mr. Soto that his health conditions constitute extraordinary and compelling circumstances that would warrant his release if he could satisfy the remainder of the requirements under § 3582(c)(1)(A). The medical records, including the additional medical records included with the motion and those separately filed on June 14, 2024, support the Court's conclusion that he has established compelling and extraordinary circumstances. (*See* ECF No. 197.) However, little time has passed since the Court's last consideration of a compassionate release motion from Mr. Soto, and Mr. Soto is still unable to carry his burden when applying the same 18 U.S.C. § 3553(a) factors that led to the Court's denials of his prior motions. Mr. Soto's health condition has not worsened, he has still only served approximately 30% of his sentence, and he received the minimum sentence permissible for a serious crime in which he played a major role. The Court therefore denies his request for compassionate release.

### 4. Conclusion

For these reasons, Mr. Soto's motion for reconsideration is **denied**. (**ECF No. 195**.)

**Done and ordered** in Miami, Florida, on June 14, 2024.

Robert N. Scola, Jr.
United States District Judge