United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Marcos Rene Soto,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 21-60346-CR-<br>)  Scola<br>)<br>)<br>)<br>) |

### Order Denying Renewed Motion for Compassionate Release

    This case is before the Court upon the Defendant Marcos Rene Soto's amended motion for compassionate release under 18 U.S.C. § 3582(c)(1) from his 120-month sentence for conspiracy with intent to distribute 50 grams or more of methamphetamine. (Def.'s Mot., ECF No. 202.) The Government has responded. (ECF No. 204.) The Court construes the Defendant's motion as a new motion for compassionate release. After careful consideration, the Court **denies** Mr. Soto's motion. (**ECF No. 202**.)

1. **Background**

    On April 7, 2022, the Defendant Marcos Rene Soto was charged by superseding indictment with five counts related to a methamphetamine trafficking conspiracy. (ECF No. 48.) Mr. Soto pleaded guilty on September 20, 2022 to Count 1 (conspiracy with intent to distribute 50 grams or more of methamphetamine) (ECF Nos. 125, 126) and received the statutory mandatory minimum sentence of 120 months in prison and 5 years of supervised release on December 15, 2022. (ECF No. 148; *see* Gov't Resp. to Def.'s June 2023 Mot., ECF No. 173 at 2.) Mr. Soto moved for compassionate release on June 28, 2023 (ECF No. 170), which the Government opposed. (ECF No. 173.) The Court denied Mr. Soto's motion on July 10, 2023. (ECF No. 174.) Mr. Soto filed a renewed motion for compassionate release on August 3, 2023, which the Court denied, recognizing the seriousness of Mr. Soto's health condition but concluding that the 18 U.S.C. § 3553 factors weighed against his release and noting that the healthcare Mr. Soto receives in prison may be unavailable to him upon release. (ECF No. 182.) On November 9, 2023, Mr. Soto filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 183), which the Court also denied because Mr. Soto is ineligible for relief under Amendment 821's "zero-point offender" provision. (ECF No. 186.) Mr. Soto filed a renewed emergency motion for a reduction of sentence on April 25, 2024,

which this Court also denied. (ECF No. 192.) The Court subsequently denied motions for reconsideration of that order. (ECF Nos. 194; 196; 198; 201.)

Now, Mr. Soto claims that his medical conditions have worsened and that he is "in a 'death spiral,' and, absent relief, he will surely die in prison." (Def.'s Mot., at 1 (citation omitted).) He notes that he is now blind in one eye and "his heart ejection fraction [is] dangerously low." (*Id.* at 3.)

### 2. Legal Standard

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Soto's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a). The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

### 3. Analysis

First, by failing to provide evidence that he first submitted his request to the Bureau of Prisons, Mr. Soto has failed to exhaust his administrative remedies for his renewed motion as required by § 3582(c)(1)(A).

However, even if Mr. Soto had exhausted his administrative remedies, he would not be entitled to compassionate release. As the Court has noted in its past orders, Mr. Soto's cardiovascular (and now other medical) issues are serious, and would warrant his release if he could satisfy the remainder of the requirements under § 3582(c)(1)(A).

However, Mr. Soto is still unable to carry his burden when applying the same 18 U.S.C. § 3553(a) factors that led to the Court's denials of his prior motions. Mr. Soto received the minimum sentence permissible for a serious

crime in which he played a serious role, and he suffered from essentially the same medical conditions he cites in his motion when he committed the crime. Thus, Mr. Soto would still be a danger to the community should he be released. The Court therefore finds that the § 3553(a) factors still weigh against Mr. Soto's release.

### 4. Conclusion

For these reasons, Mr. Soto's motion for compassionate release is **denied**. (**ECF No. 202**.)

**Done and ordered** in Miami, Florida, on April 3, 2025.

_____
Robert N. Scola, Jr.
United States District Judge